UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:25-cr-00307** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MICHAEL CHURCH** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is GOVERNMENT'S APPEAL OF RELEASE ORDER AND STAY OF RELEASE WITH INCORPORATED MEMORANDUM (the "Appeal"). [Doc. 19]. The Defendant, Michael Church ("Defendant"), filed an Opposition to the Appeal on November 19, 2025. [Doc. 25].

### BACKGROUND

On October 29, 2025, the government filed a Criminal Complaint [Doc. 1] charging the Defendant with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). In the affidavit supporting the Complaint, SA Ramirez of the FBI recounted the facts of a multi-district investigation that identified the Defendant as a person that had distributed an image on Telegram app depicting child pornography. When confronted by SA Ramirez, the Defendant admitted that he had distributed the image and that he had previously traded images depicting child pornography – periodically deleting the obtained child pornography and the Telegram app from his cell phone.

The Defendant was subsequently arrested on the Complaint and a detention hearing was held before Magistrate Judge Ayo on November 4, 2025. [Doc. 9]. After

taking evidence, Magistrate Judge Ayo took the matter under advisement. He subsequently ordered the Defendant released on conditions on November 13, 2025. [Docs. 13-17]. The Magistrate Judge stayed his release order pending this Court's determination of the Appeal. [Doc. 13].

## LAW AND ANALYSIS

The Court reviews the November 13, 2025, detention order *de novo*. 18 U.S.C. § 3145(a)(1); *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985). In conducting its review, the Court has read the transcript of the detention hearing and considered the written and oral reasons provided by the Magistrate Judge. The relevant findings of the Magistrate Judge that were pronounced on the record in open court are as follows:

> THE COURT: … Mr. Church is charged in the criminal complaint with knowingly receiving or distributing child pornography under Section 2252A(a)(2). The offense charged is enumerated in Section 3142(e)(3) and therefore the statutory presumption applies.
>
> Once triggered the presumption imposes on the defendant a burden of production. The burden is satisfied by introducing evidence contrary to the facts presumed. Rebuttal evidence does not burst or destroy the presumption which does not disappear and maintains evidentiary weight. The government retains the burden of persuasion throughout in both presumption and nonpresumption cases.
>
> With regard to risk of flight, the Court finds that Mr. Church does not present a risk of flight. According to the bond report, he's had stable residence in the community, and if released will reside in Colorado with his parents, which is a residence where they have resided for some considerable amount of time.
>
> Further, Mr. Church has suggested under conditions under which he could be released pending further proceedings, specifically released to his mother, Ms. Christine Church, who testified at the hearing on

November 4th and agreed to undertake the obligations to serve as a third-party custodian.

Ms. Church testified regarding the living arrangements that she and her husband have at their residence in Peyton, Colorado, her prior employment as a dental hygienist, and that she is now retired, and she also testified regarding her husband, Mr. Church's current employment with the government, would be defendant Mr. Church's father.

The Court finds that Ms. Christine Church would be a suitable third-party custodian for the defendant to be released, even if it would be in Colorado, and as stated, Mr. Opdenhoff has confirmed that the Pretrial Services Office in Colorado Springs is willing to undertake that obligation.

Based on the evidence presented, the Court finds that the presumption has been rebutted. I will now address the Section 3142(g) factors.

The evaluation of whether any condition or combination of conditions exist that will reasonably assure the appearance of the person and the safety of the community is dictated by Section 3142(g). Under that provision the Court must consider four factors as part of the evaluation.

One, the nature and circumstances of the offense charged; two, the weight of the evidence against the person; three, the history and characteristics of the person; and four, the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Nothing in the Bail Reform Act requires or alludes to a different weight of the factors nor any hierarchy among the factors. The Court notes and emphasizes that, as required by section 3142(j), nothing in Section 3142, including the Court's findings for purposes of the Section 3142(g) analysis shall be construed as modifying or limiting the presumption of innocence.

The first factor is the nature and circumstance of the offense charged. Section 3142(g)(1) requires the Court to consider whether the offense is a crime of violence, a violation of Section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

Violations of Section 2252A(a)(2) involve a minor victim and also qualify as crimes of violence. Given the offense charged, the Court concludes

that the nature of the offense charged satisfies 3142(g)(1). Accordingly the first factor weighs in favor of detention.

The second factor is the weight of the evidence against the person. The evidence presented on November 4th is that Mr. Church was one of multiple members in a Telegram app chat group. An image of child pornography was shared on November 18, 2024, in that group by a user later determined to be Mr. Church.

A federal search warrant was obtained on – was executed on October 28, 2025, on Mr. Church's residence. During the search Mr. Church was questioned and by all accounts gave a complete confession wherein he admitted to trading and received approximately 50 to 100 images of child pornography on the Telegram application.

The Court notes at this point that, in the evidence presented in the government's investigation thus far, there's no evidence of any efforts in furtherance of producing child pornography or any circumstances suggestive of an attempt by Mr. Church to engage in a contact offense with a minor.

In terms of the weight of the evidence as presented today, the Court finds that the second factor weighs in favor of detention based upon the admission that Mr. Church did exchange the one image of child pornography with which he is charged and further notes that his voluntary confession regarding additional other images of child pornography.

Again, considering the weight of the evidence is not a pretrial determination of guilt nor does such consideration undermine any presumption of innocence.

The third factor is the history and characteristics of the person and includes the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the offense or arrest the person was on probation, parole, other release pending trial, sentencing, or appeal. I will address each item in turn.

With respect to character, aside from the charged offense conduct, by all account Mr. Church was a model citizen. The bond report notes he has a college education and that he served in the United States Navy as an

Ensign. With regard to his physical and mental condition, the bond report noted that Mr. Church does experience hypertension.

With respect to family ties, the bond report and testimony presented at the hearing on November 4th establishes that Mr. Church has regular contact with his parents, both of whom are present in court today; that he has infrequent contact with his brother; that he has a three-year-old child with his current wife, Ms. Jessica Church; and that he has two children with a prior wife who reside in close proximity to his current residence.

With respect to employment, the bond report notes that Mr. Church has regular employment and well compensated employment as an engineer. With respect to financial resources, the bond report noted a positive net worth and a negative monthly cash flow, but noted that it was subject to change upon the sale of the house.

With respect to link of residence in the community, the bond report noted that Mr. Church had lived in the community for the past 11 years. With respect to community ties, there was no evidence other than his employment and residence in the community.

With respect to past conduct, there was none that the Court would consider an aggravation. With respect to history related to drug or alcohol abuse, the bond report noted no history, and there was no evidence at the hearing of any drug or alcohol abuse.

With respect to criminal history and record concerning appearance at court proceedings and whether on probation, parole, or other form of release, the bond report noted that Mr. Church has no criminal history whatsoever. Based on all of the Section 3142(g)(3) considerations, I find that this factor weighs in favor of release.

The final Section 3142(g) factor pertains to the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Courts recognize that the simple fact that images have been disseminated perpetuates the abuse of a victim. The Supreme Court stated in 1982 that the material produced are a permanent record of the children's participation, and the harm to the child is exacerbated by their circulation. That authority is not lost on me by any stretch.

And here the evidence includes testimony by way of Mr. Church's admission of occasional use of the Telegram app to obtain and exchange

child pornography for which he admitted to exchanging between 50 to 100 images.

There's no evidence suggesting any affirmative step toward the production or attempted production of child pornography. Furthermore, there is no evidence suggesting an inclination or effort to effect a contact offense on a minor victim.

In those respects, this case is different than the multitude of other cases that we get in this district where there is some – some step in furtherance of production, if not actual production, or some involvement or some inclination or suggestion that there is some effort toward a contact offense on a minor victim. Again, there's nothing to that effect, no evidence to that effect present here.

The Court further notes Ms. Christine Church's willingness to serve as third-party custodian and ensure Mr. Church's appearance at all court proceedings. For what it's worth, I guess, in terms of the types of cases we regularly see involving child pornography in this court, the number of images involved is toward the low end, and again, I will note for what it's worth, that there is no evidence to suggest any activity in excess of or in addition to the alleged receipt of and/or distribution of the image of child pornography on the Telegram application.

With respect to this factor, and given the circumstances of the case, the Court finds that Mr. Church would not pose a danger to the community should he be released. Therefore, based on the evidence as presented on November 4th, Mr. Church, I'm going to enter an order releasing you to the custody of your mother.

…

The defendant must advise the Court or the Pretrial Services Office or supervising officer in writing before making any change of residence or telephone number. The defendant must appear in court as required, and if convicted must surrender as directed to serve a sentence that the Court may impose.

And the defendant must sign an appearance bond if ordered, which I will order an unsecured bond in the amount of $15,000. I will impose the following additional conditions of release:

The defendant is placed in the custody of Ms. Christine Church, to reside at the residence stated in Peyton, Colorado, who agrees to: (A) supervise

the defendant; (B) use every effort to assure the defendant's appearance at all court proceedings; and (C) notify the Court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

…

The additional conditions include the following: The defendant must submit to supervision by and report for supervision to the Pretrial Services Office.

…

THE COURT:  You are not to obtain a passport or other international travel documents, and you are to abide by the following restrictions on personal association, residence, or travel.  Your travel will be restricted to the District of Colorado, when and if you get to the District of Colorado, and the Western District of Louisiana, and that will be for future court appearance.  Again, this is all contingent on review of my ruling.

You are to avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.  My understanding there are no known victims, at least none has been identified.  Is that the case, Mr. Bordelon?

MR. BORDELON:  That's correct, no identified victims, Your Honor.

THE COURT:  That condition is required by the Adam Walsh Act.  Again, there are no victims or witnesses with whom Mr. Church should avoid contact.  You are not to possess a firearm destructive device, or other weapon.  You are not to use alcohol excessively.  You are not to use or unlawfully possess a narcotic drug or other controlled substances defined in 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner.

You are to participate in one of the following location restriction programs and comply with its requirements as directed.  I will order home detention.  You would be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities approved in advance by the Pretrial Services Office or supervising officer.

> …
>
> And you are to submit to the following location monitoring technology and comply with its requirements as directed. I'll order GPS location monitoring. Again, we have the issue of when and where the ankle monitor would be installed.
>
> …
>
> The defendant is to pay all or part of the cost of location monitoring based upon ability to pay as determined by the Pretrial Services or supervising officer. You are to report as soon as possible to the Pretrial Services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops, and I will order that the defendant is not to possess or use any electronics devices capable of accessing the internet.

The Court notes that in making its ruling, it has considered the entirety of the transcripts from the detention hearing [Docs. 21, 22 ], the evidence introduced in that proceeding, the briefing of the parties, the statutory presumption for the charged offense set forth in 18 U.S.C. § 3142(e)(3)(E), and each of the considerations listed in 18 U.S.C. § 3142(g). After due consideration, the Court AFFIRMS and adopts as its own the findings and release conditions set by the Magistrate Judge based on the testimony and evidence elicited at the detention hearing previously held. [Docs. 9, 13].

The Court therefore ORDERS the Defendant released subject to the restrictive conditions set by the Magistrate Judge. [Doc. 17]. Acknowledging that the Defendant was arrested pursuant to a Complaint and that the government's investigation is ongoing – including a forensic search of the Defendant's electronic devices – the Court advises the parties that they may move to reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue

whether there are conditions of release that will reasonably assure the appearance of such persons as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

## CONCLUSION

Based on the foregoing reasons, GOVERNMENT'S APPEAL OF RELEASE ORDER AND STAY OF RELEASE WITH INCORPORATED MEMORANDUM [Doc. 19] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 19th day of November 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE